CARPENTER *v.* BUTTERFIELD.

# Thomas J. Carpenter v. Leander S. Butterfield and another.

*Goods sold and delivered: Evidence: Common counts.* In an action upon the common count for goods sold and delivered, evidence that defendant and three others executed a written proposal to buy of plaintiffs a printing press and material to a specified amount, to be selected by a third person, each to pay one-fourth, with the understanding that such third person should take the offer to plaintiffs, who were to execute it in duplicate and return one copy, and that the goods were to be shipped to the purchasers, who were to pass them over to such third party on his giving them a mortgage on these goods and other property to secure the purchase price, but that plaintiffs on receiving such instrument, without executing any duplicate and without notice to defendant or his associates, shipped to said third party direct such goods as he selected and exceeding in amount the limit specified, and that the latter never executed the mortgage agreed upon,—will not warrant a recovery.

*Evidence: Goods sold and delivered..* Subsequent negotiations between the parties for a compromise or an adjustment are held not to have given rise to any liability on the part of the defendant capable of enforcement under the count for goods sold and delivered, if at all.

*Submitted on briefs April 14. Decided April 20.*

Error to Superior Court of Detroit.

*Hoyt Post* and *Ashley Pond*, for plaintiff in error.

*Moore & Griffin* and *F. A. Baker*, for defendants in error.

GRAVES, J:

The jury should have been instructed to find for defendant below, as requested.

The action was on the general count for goods sold and delivered, and there was no evidence of any sale and delivery to Carpenter, or of any state of facts to make him responsible in that form.

The grounds of this remedy have been frequently explained by the court, and it would be a waste of time to enter into an extended exposition of the facts in the present record to demonstrate their unfitness to support a count for goods sold and delivered as between these parties. Carpenter and three others offered to buy on certain terms a press and

34 MICH.—13.

material, to be selected by Bartram, and up to fifteen hundred dollars, the goods to be delivered to them at Midland City. The offer was made in the form of a written agreement signed by Carpenter and his associates, and to be signed by or on the part of the Detroit Paper Company in case it should be accepted. And a copy executed by the paper company was to be returned to one of Carpenter's associates, and by an arrangement between the latter and Bartram the property, if purchased, was, after its receipt from the company by the purchasers, to be passed over to Bartram, on his giving a mortgage on it and on all the material in the Midland Times office to secure the payments in the agreement.

Whilst this proposed agreement provided that each vendee should be responsible only for one-quarter of the price, it contemplated at the same time that the sale and delivery should be entire to the vendees. Bartram carried the offer to the company, and specified what he wanted. He bargained at the same time for more goods to a considerable amount. The company could not fill his order without sending abroad, and could only furnish a press worth three hundred dollars. He then bargained with the company to obtain and send from time to time the articles he specified, and agreed to take the small press with the understanding that the company would soon exchange and give him one costing nine hundred dollars in room of it. The company went on to fill up the bill. The small press was put in at three hundred dollars, and other things were added in the course of a few months; but in fact the whole amounted to a good deal more than fifteen hundred dollars. The company claim, however, that the bill chargeable to Carpenter and his associates only exceeded that amount by a few cents. Butterfield swears these goods were sold on the contract to Bartram. They were all charged to Bartram in the company books. They were all delivered to him. None of them ever went into the possession of Carpenter and his associates, or either of them. Within a week the

CARPENTER v. BUTTERFIELD.

small press, rated at three hundred dollars in the fifteen hundred dollar purchase, was exchanged by the company for one at nine hundred dollars, pursuant to the arrangement they had made with Bartram in the first place. No duplicate of the offered agreement was executed by the company and forwarded to Carpenter or any of his associates, and Bartram never gave, or offered to give, the mortgage provided for.

The evidence in regard to subsequent negotiations does not tend to prove any new transaction of a kind to fix Carpenter with a liability for goods sold and delivered to him by the paper company, and if in the events that happened he actually incurred any liability to the paper company, it was not one capable of enforcement under a count for goods sold and delivered.—*2 Saund. P. & Ev., 533, et seq.; Exchg. Bank of St. Louis v. Rice, 107 Mass., 37; Metc. on Con., 18.*

The judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.